## ANTONE PEDRO *vs.* CHUN YUN FAN.

ON APPEAL FROM THE INTERMEDIARY COURT OF OAHU ON POINTS OF LAW.

THE PLAINTIFF CLAIMED under a royal patent to Paewahine, dated July 19, 1862, in confirmation of the "Mahele" of 1848, and of an award of the Minister of Interior dated January 15, 1862, granting one-half of a land, according to a survey made March 22, 1862. The Government granted to Jose by a royal patent dated April 7, 1862, the other half of the land, describing the dividing line, "thence 10° west, 12 chains, dividing in the middle of this land, separating the western half to Paewahine;"

HELD, it was the intention of the patent to Jose to convey only the remaining or eastern half of the land.

*Also,* that in case of conflict the title to Paewahine should prevail.

Opinion of the Court by JUDD, C. J.

This is an action of trespass *quare clausum fregit,* begun in the District Court of Ewa, Oahu, and brought by appeal of defendant to the Intermediary Court and again to this Court in Banco on the law involved.

The plaintiff holds under Royal Patent No. 4,526, dated the 19th July, 1862, upon confirmation of "Mahele" No. 18 to Paewahine, and grants one-half, being the western side of the land of Kaluaolohe situated at Waiau, Ewa, Oahu.

The defendant holds under Royal Patent No. 2,861, dated the 7th April, 1862, granted to one Jose. It appears that the portion of land upon which the alleged trespass was committed is brought by plaintiff's surveyor within the limits of his patent, and it is also brought by a survey made in accordance with defendant's patent within the limits of this patent.

It is claimed by defendant that as this territory is included within the descriptions of both the patents, the oldest in date must prevail.

The plaintiff's patent was granted, as we have said, in confirmation of the "Mahele" or division of 1848, which His Majesty Kamehameha III made with his chiefs and people. This Mahele title was inchoate and the duty devolved upon the one receiving it to present it to the Land Commission for a formal award upon it. Many persons neglected to do this and, accordingly, on 24th August, 1860, an Act was passed which authorized the Minister of Interior to receive such Mahele titles, and to issue awards pursuant to them. This was done in the case before us and the award was made on the 15th January, 1862. As the law stood, the party receiving an award for one undivided half of an ili or other denomination of land was required to have surveys made, dividing the land and describing each portion. The survey was accord-

ingly made. It bears date the 22d March, 1862, and in due course a royal patent was issued thereupon. Meanwhile the Government sold its half of the ili to one Jose by the royal patent under which the defendant holds.

We are of the opinion that as the Government was entitled to only one-half of the ili it could convey no more than one-half to the purchaser. The Government had already by the award issued by the Minister of Interior granted the other, the western half, to the plaintiff's grantor and this must be treated as the elder title, in case of any conflict in the surveys. Such a conflict is indeed testified to, but the survey in the defendant's patent describes the line dividing the ili into two parts as follows: "Thence 18° west 12 chains dividing in the middle of this land, separating the western half to Paewahine, etc.," and the intention of the patent is manifestly to describe and convey only the remaining (or eastern half) of the land to the purchaser, and each patent grants $3\frac{1}{4}$ acres. We must hold that as the territory trespassed upon is included within the limits of the patent of plaintiff, it is his land, for it comes within his half, and he may recover for the trespass.

The point does not come properly before this Court on this appeal, but we are strongly of the impression that both these surveys were made contemporaneously and by the same person, and that it is unlikely that there is any real conflict between them, and that a comparison by skillful surveyors would show this.

Judgment of Intermediary Court confirmed.

F. M. Hatch for plaintiff.

A. S. Hartwell for defendant.

Honolulu, March 7, 1882.